IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEWONNA WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-0761-D |
| VS. § | |
| § | |
| ERIC K. SHINSEKI, SECRETARY, § | |
| DEPARTMENT OF VETERAN § | |
| AFFAIRS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, defendant's motion for summary judgment presents the question whether a reasonable trier of fact could find that defendant was plaintiff's "employer" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* or the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Concluding that a reasonable trier of fact could find that defendant was plaintiff's "employer," the court denies the motion.

I

In 2003 the U.S. Department of Veterans Affairs ("VA") entered into a contract ("Staffing Contract") with Top Echelon Contracting, Inc. ("Top Echelon") to provide "non-personal staffing services" for the Dallas Consolidated Mail Outpatient Pharmacy

(CMOP) facility in Lancaster, Texas ("VA Facility"). D. App. 37.[1] Under the Staffing Contract, Top Echelon supplied the VA with licensed pharmacists, national certified pharmacy technicians, and pharmacy aides to work two shifts at the VA facility. The Staffing Contract also provided, in relevant part:

> PERSONNEL POLICY: [Top Echelon] shall assume full responsibility for the protection of its personnel furnishing services under this contract, such as providing workers' compensation, professional liability insurance, health examination and social security payments. Payment for any leave, including sick leave or vacation time is considered the responsibility of [Top Echelon]. [Top Echelon] shall follow all existing local, state, federal and/or union laws/regulations relevant to fringe benefits and premium pay for their employees. Such personnel shall not be considered VA employees for any purpose.

D. App. 55.

Plaintiff Tewonna Williams ("Williams") entered into an employment agreement ("Employment Contract") with Top Echelon on June 18, 2007. Under the Employment Contract, Williams agreed to work as a certified pharmacy technician at the VA Facility. In signing the Employment Contract, Williams "admit[ted] Top Echelon, not the [VA] is [her] sole common law employer." *Id.* at 16. During her employment at the VA Facility,

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to the plaintiff as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See*, *e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

Williams received her paychecks from Top Echelon.

Williams worked at the VA Facility for over two years. She alleges that when she refused and opposed the sexual harassment of her supervisor, the VA retaliated against her by denying her a promotion, effectively demoting her, and subjecting her to continuous harassment. She also alleges intentional mistreatment related to a medical condition. Finally, she asserts that the VA terminated her employment the day after it learned she had filed a charge with the Equal Employment Opportunity Commission. Williams seeks damages and declaratory and injunctive relief on her claims under Title VII and the ADA for sexual harassment and retaliation.

The VA moves for summary judgment, contending that Top Echelon, not the VA, was Williams's employer. Williams opposes the motion.

II

When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the opposing party fails to meet this burden. *Little*, 37 F.3d at 1076.

III

A

To be liable under Title VII or the ADA, a defendant must have been the plaintiff's employer. *See Bernard v. ATC VanCom*, 2005 WL 139110, at *5 (N.D. Tex. Jan. 20, 2005) (Fitzwater, J.) (citations omitted). Williams alleges the VA was her employer.

To determine whether there was an employment relationship, the court applies a hybrid economic realities/common law control test. *See Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118-19 (5th Cir. 1993); *see also Bloom v. Bexar Cnty., Tex.*, 130 F.3d 722, 724-26 (5th Cir. 1997) (analogizing to Title VII in ADA context). The Fifth Circuit has explained the application of this test as follows:

> The right to control an employee's conduct is the most important component of [the] test. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Deal*, 5 F.3d at 119 (citations omitted).

The VA argues that Top Echelon, not the VA, was Williams's employer. It adduces evidence that Top Echelon paid the workers' wages, withheld taxes and social security, and provided workers' compensation coverage. The VA also argues the Employment Contract stated Top Echelon would direct and control all aspects of Williams's employment. It maintains that, although Williams's work was performed at the VA Facility and the VA provided the prescription drugs, supplies, and required equipment, the VA did not have any right to control the manner and means of her performance.

Williams responds that the VA had the right to control when, where, and how she performed her job. She produces evidence that, in applying for the VA position, she was required to interview with a VA supervisor, and that her acceptance at the VA Facility depended on that supervisor's approval. She also adduces evidence that, throughout her employment at the VA Facility, her supervisors were VA employees, and that these supervisors gave her daily assignments, told her when to take breaks, and directed which room to work in what she would be doing during the day. According to Williams, she received annual performance reviews from John Campbell, a VA employee. She introduces evidence that the VA determined when she could take vacation or leave. Finally, Williams adduces evidence that, although Top Echelon terminated her employment at the VA Facility, Top Echelon did so at the direction of David Racette, a VA employee.

B

Although there is certainly evidence in the summary judgment record that could persuade a reasonable trier of fact to find that Top Echelon was Williams's employer, a reasonable trier of fact could also find, under the hybrid economic realities/common law control test, that her employer was the VA. For example,[2] taking Williams's evidence as true and drawing all reasonable inferences in her favor, her proof supports the finding that VA employees supervised her, set her work schedule, and controlled the day-to-day aspects of her employment, including daily assignments and leave requests. Her evidence would also permit the reasonable finding that, although Top Echelon had certain rights and obligations under the Staffing Contract, it exercised them only with VA approval. This is particularly true, for example, with respect to hiring and, at the VA's request, with respect to firing. *See*, *e.g.*, *Johnson v. Manpower Prof'l Servs., Inc.*, 442 Fed. Appx. 977, 982 (5th Cir. 2011) (per curiam) ("To be sure, almost all of the factors under the economic realities test point to [the staffing agency] being Johnson's employer, as [the staffing agency] paid Johnson and withheld taxes on his behalf. Nonetheless, because the majority of the more important right to control factors point to Air Liquide as Johnson's employer, we conclude that Air Liquide and not [the staffing agency] is Johnson's employer for the purposes of" his

---

[2]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Inclusive Cmtys. Project, Inc. v. Tex. Dept. of Housing & Cmty. Affairs*, 749 F.Supp.2d 486, 506 n.23 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

Title VII claim).

Williams has adduced evidence that would enable a reasonable trier of fact to find that the VA was her "employer" for purposes of her Title VII and ADA claims. The court therefore holds the VA is not entitled to summary judgment dismissing these claims.

* * *

For the reasons explained, the court denies defendant's May 15, 2012 motion for summary judgment.

**SO ORDERED.**

August 6, 2012.

                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE