IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEWONNA WILLIAMS, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:11-CV-0761-D |
| VS. | § |
| | § |
| ERIC K. SHINSEKI, SECRETARY, | § |
| DEPARTMENT OF VETERAN | § |
| AFFAIRS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff Tewonna Williams ("Williams") moves for an award of additional attorney's fees and costs against Eric K. Shinseki, Secretary, Department of Veteran Affairs ("VA") pursuant to 42 U.S.C. § 2000e-5(k), Fed. R. Civ. P. 54(d)(2), and the judgment in this case for services rendered in collecting the judgment. For the following reasons, the court denies the motion.

I

After the jury rendered a verdict in Williams' favor on her claim for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the court entered a final judgment. Williams moved for an award of attorney's fees, front pay, costs, expenses, and post-judgment interest. On May 6, 2013 the court filed a memorandum opinion and order granting the motion in part and denying it in part, awarding Williams $28,078.69 in attorney's fees, $512.95 in total expenses, $379.85 in costs of court, and

post-judgment interest. The court denied her motion for front pay.

On May 20, 2013—14 days after the court issued its ruling—the VA submitted Williams' claim to the Judgment Fund Branch, Financial Management Service, United States Department of the Treasury ("Judgment Fund") and informed Williams that payment would take approximately four weeks. On June 17, 2013 the VA reported that the Judgment Fund had improperly rejected the request for funding and that the VA had resubmitted the request. When on July 9, 2013 Williams still had not received payment, she served a notice of intent to take a Rule 30(b)(6) deposition of a representative of the VA concerning the Judgment Fund payment process. She ultimately withdrew the notice after the VA represented that it was again resubmitting the claim and that it expected payment in ten days. Williams did not receive payment, however, and on August 1, 2013 filed a second amended notice of intent to take a Rule 30(b)(6) deposition. The VA moved for a protective order, which the magistrate judge granted on September 4, 2013. On August 20, 2013 the Judgment Fund approved the claim for payment to Williams. The VA maintains that, because the claim had been approved and the parties were simply awaiting electronic transfer of the funds, neither Williams nor the VA took any additional steps during the month of September. On October 15, 2013 Williams sent a Freedom of Information Act request and proposed notice of deposition to the Department of Treasury attempting to obtain documents and the deposition of a representative to explain the Judgment Fund payment system. On October 31, 2013—just under seven months after the court issued its ruling on attorney's fees, expenses, and costs of court—the Judgment Fund paid the Williams judgment.

Williams moves for an award of additional attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k), for services rendered in enforcing the judgment. She argues that an award of attorney's fees and expenses to a prevailing plaintiff in a civil rights case extends to the fees incurred in attempting to collect the judgment, and she maintains that, but for the expenditure of time and expense by her counsel, the judgment in this case would have been further delayed or not paid at all. The VA opposes the motion.

II

The court denies Williams' motion.

First, post-judgment interest is generally available in Title VII actions against the government in order to protect plaintiffs against delay in collecting a judgment. *See* 42 U.S.C. § 2000e-16(d) ("The provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties."). "'[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (alteration in original) (quoting *Poleto v. Consol. Rail Corp.*, 826 F.2d 1270, 1280 (3d Cir. 1987)). Williams was awarded post-judgment interest, and such interest accrued while she awaited payment.

Second, Williams has not cited any cases that permit the recovery of attorney's fees and costs expended by a litigant for post-judgment services incurred in attempting to recover

a judgment from the federal government.

Third, although the court does not suggest that such fees are never recoverable, and assuming *arguendo* that they are, the court concludes in its discretion that such fees should not be awarded under the circumstances of this case. After the court issued its May 6, 2013 ruling on attorney's fees, expenses, costs of court, and post-judgment interest, the VA promptly submitted a claim for payment to the Judgment Fund. Each time the Judgment Fund declined to pay the judgment, the VA promptly acted to remedy the defect. The VA was in reasonable communication with Williams throughout the process, and it appears to have diligently done what it could to move the process along. The judgment was paid just under seven months after the court issued its May 6, 2013 award. The court therefore concludes that the attorney's fees and expenses that Williams incurred were not reasonably expended and should not be shifted to the federal government.

\* \* \*

For the foregoing reasons, Williams' second motion for attorney's fees and expenses is denied.

**SO ORDERED.**

January 30, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE